UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x       Index No.:
Oriscia Balbosa,

                      Plaintiff,            **COMPLAINT**

                                        **JURY DEMANDED**

   -against-

THE CITY OF NEW YORK,
P.O. HARRY CRUZ and P.O. "JOHN DOE"
of the 63rd Precinct,

                      Defendants.
------------------------------------------------------------x

       Oriscia Balbosa, by her attorney, Chidi Eze, Esq., complaining of the City of New York, and Police Officers Harry Cruz and John Doe of NYPD 63rd Precinct, upon information and belief, alleges the following:

**NATURE OF ACTION AND JURISDICTION.**

    1.    This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff under Article 1 Section 12 of the State of New York Constitution and New York State Common Law and arising under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985].

    2.    Jurisdiction is specifically conferred on this court by the Constitution of the United States.

    3.    Venue is proper because plaintiff resides in the County of Kings, New York.

## PARTIES.

4. During all times relevant and material to this Complaint, Plaintiff was, and still is a United States Citizen, residing in Brooklyn, City and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was and still is a municipal corporation, incorporated and existing under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the defendant officers were part of the custom, practice, usage, regulation and/or direction of Defendant City of New York through their New York City Police Department (hereinafter NYPD), and as such Defendant City of New York is responsible for the actions of the officers. Defendant City of New York is further responsible for the actions of these individuals Defendants' under the principal agent/*respondeat superior* rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES.

8. All conditions precedent for the filing of this action have been complied with: on or about June 24, 2021 written Notice of Claim, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the Supreme Court. Plaintiff was assigned the Claim Number 2021PI017512.

9. At least thirty days have elapsed since the service of the Notices of Claim and their

Amended versions, and an adjustment or payment of the claims have been neglected or refused by Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. The claim arose out of the incidents that transpired on October 17, 2020, at approximately 11:30 A.M., at 1450 East 56th Street, Brooklyn New York, County of Kings, City and State of New York.

11. On October 17, 2020 at approximately 11:25 AM, plaintiff was visiting with a friend called 'Sidi', at Sidi's residence, located at 1450 East 56th Street. Plaintiff went there to pick up Sidi to take him to go get his Passport. At about 11:30AM when plaintiff and Sidi were leaving the residence to get onto plaintiff's vehicle, plaintiff was apprehended by two uniformed police officers who were waiting right next to her vehicle which was parked right in front of 1450 East 56 Street. At that time, the officers asked plaintiff if she had visited the neighboring premises of 1446 East 56 Street the day before, and plaintiff responded that she did not. Notwithstanding this response, the officers arrested plaintiff and handcuffed her behind her back right in front of 1450 East 56th Street in Brooklyn NY 11234, and thrown into their police vehicle.

12. Plaintiff was then transported to the 63rd Precinct for processing. At the precinct, plaintiff was told that she was arrested for trespassing onto the property located 1446 East 56th Street, the day before, being October 16, 2020. Plaintiff continued to deny this allegation, to no avail. Plaintiff remained in jailed at the 63rd Precinct until about 8PM that night of October 17, 2020, when she was released with a Desk Appearance Ticket ("DAT").

13. Plaintiff was charged with Criminal Trespass in the second and third degrees for allegedly trespassing onto the premises known as 1446 East 56th Street, Brooklyn NY 11234 on

October 16, 2020 at approximately 03:40 PM. However, plaintiff continued to deny said allegation.

14. Plaintiff was made to appear in court a few times to answer to these charges. Following a motion to dismiss by plaintiff's attorney, which the court granted, these charges against plaintiff were dismissed on May 10, 2021.

15. In light of the foregoing, Plaintiff has been damaged by the actions of the City of New York and its agents, as she was made to endure a degrading and humiliating public arrest right in her neighborhood, harassed, was arrested and imprisoned for an amount of time exceeding 8 hours without probable cause, lost respect and dignity before family and friends, physically and emotionally damaged, suffered reputation injuries, psychological and emotional distress, some or all of which may be permanent.

16. The Police Officers acted under pretense and color of state law, in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein was beyond the scope of their jurisdiction, without legal authority, and in direct abuse of their authority.

17. Defendant City of New York is further responsible for the actions of the individual Defendants' under the principal agent/*respondeat superior* rule and under municipal liable pursuant to section 1983.

## AND AS FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and re-alleges paragraphs 1 through 17 as if each paragraph is repeated verbatim herein.

4

19.     In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 24 hours without probable cause, deprived him of the rights, remedies, privileges, and immunities guaranteed to him under said law.

20.     In addition, the defendant officers conspire to deny plaintiff her Constitutional rights, secured to him by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

21.     Plaintiff was denied freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff claims compensatory damages in the amount of $500,000 each, for the violation of her rights under Common Law and for emotional and mental distress.  In addition, because the defendant police officers acted with malice and intentional disregard for plaintiff's Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $100,000 each, in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

22.     Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23.     The Defendant police officers were acting as agents' of the City of New York when they arrested and detained Plaintiff without probable cause. Therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages sustained by plaintiff as a result of the actions of these police officers.

24.     Plaintiff seeks compensatory damages in the amount of $500,000, for the

violation of her rights, resulting in severe physical, emotional and mental distress.  In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff's Constitutional rights, plaintiff seeks additional $100,000 in punitive damages against the individual defendants.

### AND AS FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for her constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizure, secured under the Fourth and Fourteenth Amendments to the Constitution, and her right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff her Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff her Constitutional rights secured to her by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

27. As a result of the seizure of her person, Plaintiff was denied her freedom and liberty and suffered emotional and mental distress thereof. Plaintiff seeks compensatory damages in the amount of $500,000.  In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $100,000 in punitive damages.

### AND AS FOR A FIFTH CAUSE OF ACTION

28.     Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29.     The defendants caused plaintiff to be maliciously prosecuted, when in fact they had information that would lead a reasonable person to believe that plaintiff was innocent of the charges levelled against her, in violation of State and Federal laws. Accordingly plaintiff seeks $500,000 in compensatory damages and $100,000 in punitive damages.

### AND AS FOR A SIXTH CAUSE OF ACTION

30.     Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31.     In light of the foregoing conduct of the defendant, plaintiff was denied her right to a fair trial, secured to her under Federal and State laws, thereby the defendants are liable to plaintiff for monetary damages. Accordingly plaintiff seeks $500,000 in compensatory damages and $100,000 in punitive damages.

### AND AS FOR A SEVENTH CAUSE OF ACTION

32.     Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33.     The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of the Plaintiff's Constitutional and Federal Law rights, as complained of herein, were carried out under

the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department, therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages sustained by Plaintiff herein.

30. Plaintiff seeks compensatory damages in the amount of $500,000 for the violation of her rights, which resulted in physical, emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for her Constitutional rights, Plaintiff seeks $100,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $500,000 in compensatory damages against all the defendants, jointly and severally;

ii. $100,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. Attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. Such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
November 4, 2021

By: /s/ Chidi Eze
CHIDI EZE
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800